IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Aaron L. Jones, | Case No. 4:08 CV 3017 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden B. Kelly, et al., | |
| Respondents. | |

**INTRODUCTION**

*Pro se* Petitioner Aaron Jones, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner alleges his detention violates the Sixth and Fourteenth Amendments of the U.S. Constitution.

The case was referred to Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court deny the Petition because Petitioner procedurally defaulted his claims (Doc. No. 14).

Petitioner did not timely file any objection to the R&R, and so this Court adopted the Magistrate's recommendation (Doc. No. 15). Three months after the R&R, and two months after this Court's adoption of the R&R, Petitioner filed a Motion for Reconsideration of this Court's adoption of the R&R (Doc. No. 17). Petitioner argued that he had not received the R&R in the prison mail, and

thus was unable to file any objections. This Court granted the Motion for Reconsideration, and stated that it would treat Petitioner's arguments in his Motion for Reconsideration as an Objection to the R&R (Doc. No. 20). The Government filed a Response to Petitioner's Objection (Doc. No. 21), and Petitioner filed a Reply (Doc. No. 24).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

## BACKGROUND

This Court finds the R&R's factual and procedural background to be accurate and adopts that portion of the R&R in its entirety (Doc No. 14, pp. 2-5). Briefly, Petitioner was convicted of one count each of aggravated burglary and aggravated robbery. He was sentenced to serve ten years for aggravated burglary and another ten years for aggravated robbery. These sentences were ordered to run consecutively for a total term of imprisonment of twenty years followed by post release control of up to five years.

Petitioner timely appealed his conviction, and the Ohio court of appeals affirmed the conviction and overruled all assignments of error (Doc. No. 9, Ex. 18). Petitioner filed a motion for reconsideration, which was denied by the court of appeals (Doc. No. 9, Ex. 19, 20, 21). Petitioner did not timely appeal to the Ohio Supreme Court, but later moved for leave to file a delayed appeal on July 29, 2008 (Doc. No. 9, Ex. 28). Chief Justice Thomas Moyer denied this motion, and dismissed the case (Doc. No. 9, Ex. 29). Following this denial, Petitioner filed a Petition for a Writ of Habeas Corpus in this Court (Doc. No. 1).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2254(d)(1), a federal court may grant habeas relief only if a state court arrives at a conclusion that is "contrary to" or an "unreasonable application of" clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong, a habeas relief is warranted if the state court arrives at a conclusion opposite that reached by the U.S. Supreme Court on a question of law, or if the state court decides a case differently than the U.S. Supreme Court has on a set of materially indistinguishably facts. *Id.* at 405-06. The "unreasonable application" prong permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of a petitioner's case." *Id.* at 413; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**DISCUSSION**

All of Petitioner's claims are procedurally defaulted. A petitioner may not raise a claim in a federal habeas proceeding if a failure to comply with a state procedural rule prevented him from raising that claim in state court. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state procedural default will preclude habeas review when (1) the state procedural rule is applicable to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Id.* If these three elements are present, the petitioner must demonstrate both cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Id.* Alternatively, a showing of actual innocence -- based on new, reliable evidence -- will overcome procedural default and allow a federal habeas court to review a claim. *House v. Bell*, 547 U.S. 518, 536-37 (2006).

3

### *Claims Raised in Petitioner's Direct Appeal*

Here, the state procedural bar at issue is failure to comply with the Ohio Supreme Court filing deadlines. *See* Ohio Sup. Ct. R. II, Sec. 2(A)(1) (requiring a notice of appeal to the Ohio Supreme Court within forty-five days of the date of the state court of appeals decision). On direct appeal, the Ohio court of appeals affirmed Petitioner's conviction and sentence. Petitioner did not timely appeal to the Ohio Supreme Court, instead filing a motion for a delayed appeal which the Ohio Supreme Court summarily denied. Failure to comply with the filing deadline satisfies the first three prongs of the *Maupin* test. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-432 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).

Furthermore, Petitioner has failed to show cause for the delay and actual prejudice. This case is therefore similar to *Bonilla*. Petitioner here, as in *Bonilla*, argues that the delay in filing an appeal with the Ohio Supreme Court was caused by unexpectedly having to file his appeal *pro se* late in the game. *Bonilla*, 370 F.3d at 498 (*pro se* status is insufficient to establish cause to excuse procedural default).

The state appellate court denied Petitioner's appeal on March 17, 2008 (Doc. No. 9, Ex. 18), making his notice of appeal due in the Ohio Supreme Court forty-five days later, on May 1, 2008. In his motion for delayed appeal, Petitioner acknowledges he knew about the appellate court decision affirming his convictions and that he had a copy of the decision as of March 21, 2008 (Doc. No. 9, Ex. 28). That he delayed filing an appeal until he heard from the Public Defender's office whether they would represent him was at his own peril, especially considering that the Public Defender did not represent Petitioner in his first direct appeal. Although Petitioner wrote to the Public Defender after his appeal was denied, they had no obligation to file anything on his behalf or even to answer

4

him before his notice of appeal was due. Further, Petitioner had no right to counsel in a discretionary appeal to the Ohio Supreme Court. It was Petitioner's responsibility to file his appeal on time, and he has not provided cause for his failure to do so.

Finally, Petitioner has not shown actual innocence based on new reliable evidence. In Petitioner's Reply, he states: "So how does the courts pin these crimes on the petitioner? Because the alleged victim SAID it was him? Hearsay is not [admissible] in the court of law, am I correct?" (Doc. No. 24, p. 2). Petitioner is correct that hearsay is generally not admissible, unless it falls within one of the exceptions or exclusions found within the rules of evidence. However, what Petitioner describes is not hearsay, but instead an identification made by a victim of what she saw, heard, or otherwise witnessed. Petitioner has not provided this Court with new and reliable evidence showing his actual innocence.

### *Claims Not Raised in Petitioner's Direct Appeal*

This Court is not convinced the R&R is correct in stating that fifteen of Petitioner's eighteen grounds for relief were never brought in the state courts, because it appears that at least some of those fifteen grounds were raised in Petitioner's direct appeal, either by counsel (Doc. No. 9, Ex. 11) or in Petitioner's *pro se* submission (Doc. No. 9, Ex. 14). However, because the Ohio Supreme Court denied Petitioner leave to file a late appeal *at all*, this Court does not need to determine which, if any, of the disputed fifteen grounds were actually raised by Petitioner in the state appellate court, because all raised claims fall together as a result of the Ohio Supreme Court's order of dismissal. To the extent any of the fifteen claims were not raised in Petitioner's direct appeal, they too are procedurally defaulted. *See, e.g., Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2006) (holding that a state

prisoner's failure to raise a claim on direct appeal in state court constituted procedural default for federal habeas purposes). Petitioner has set forth no facts demonstrating cause for such a default.

Petitioner's claims are procedurally defaulted and this Court cannot therefore review them on their merits.

### EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing. This Court agrees with the Magistrate that an evidentiary hearing is not required to resolve any of Petitioner's claims. As explained above, all of Petitioner's claims are procedurally defaulted. Accordingly, Petitioner's request for an evidentiary hearing is denied. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) (approving denial of an evidentiary hearing "on issues that can be resolved by reference to the state court record") (internal quotation omitted).

### CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus is denied. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 3, 2010